

**NUMBER 13-08-309-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

**JOHNSON B. HONTANOSAS,** **Appellant,**

**v.**

**MOONYEEN HONTANOSAS,** **Appellee.**

---

**On appeal from the County Court at Law No. 4
of Hidalgo County, Texas.**

---

# MEMORANDUM OPINION

**Before Justices Rodriguez, Benavides, and Vela
Memorandum Opinion Per Curiam**

Appellant, Johnson B. Hontanosas, attempted to perfect an appeal from a divorce decree entered by the County Court at Law No. 4 of Hidalgo County, Texas, in Cause No. F-2037-06-4. We dismiss the appeal for want of jurisdiction.

The order subject to appeal was signed on September 4, 2007, but the notice of appeal was not filed until January 15, 2008. On June 6, 2008, the Clerk of this Court notified appellant that the appeal did not appear to have been timely filed so that steps could be taken to correct the defect, if it could be done. The Court requested that appellant file a response regarding the timeliness of his notice of appeal within ten days from the date of receipt of this Court's letter, and notified appellant that the appeal would be dismissed if the defect was not cured after the expiration of ten days from the date of receipt of this letter.

Appellant filed a response entitled "Motion to Extend Time to Pay Filing Fee after Consideration of Attached Affidavit of Indigence with Explanation of Why Appeal was Perfected Timely." Appellee, Moonyeen Hontanosas, has subsequently filed a "Contest to Appellant's Motion to Extend Time to Pay Filing Fee after Consideration of his Affidavit of Purported Indigence and Motion to Dismiss Appeal."

After due consideration of these pleadings, we DENY appellant's motion to extend time to pay filing fee and further DENY appellant's motion seeking additional time to correct deficiencies in the filing of the appeal. We GRANT appellee's motion to dismiss the appeal.

As stated previously, the order subject to appeal was signed on September 4, 2007. Appellant filed a motion for new trial, and accordingly, the notice of appeal was due on December 3, 2007, but the notice of appeal was not filed until January 15, 2008. *See* TEX. R. APP. P. 26.1(a)(1). The times for filing a notice of appeal are jurisdictional, and absent a timely filed notice of appeal or an extension request, we must dismiss the appeal. *See* TEX. R. APP. P. 2, 25.1(b), 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997)

2

(holding that once extension period has passed, a party can no longer invoke an appellate court's jurisdiction); *see also Barrera v. Canales*, No. 04-01-00221-CV, 2001 Tex. App. LEXIS 3878, *2 (Tex. App.–San Antonio June 13, 2001, no pet.) (per curiam).

The Court, having examined and fully considered the documents on file and appellant's failure to timely perfect his appeal, is of the opinion that the appeal should be dismissed for want of jurisdiction.  Accordingly, the appeal is hereby DISMISSED FOR WANT OF JURISDICTION.  *See* TEX. R. APP. P. 42.3(a),(c).

PER CURIAM

Memorandum Opinion delivered and
filed this the 29th day of August, 2008.